UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LYNN PETERSON,<br><br>    Petitioner,<br><br>    v.<br><br>P. L. VASQUEZ, Warden,<br><br>    Respondent. | 1:08-cv-01895-JLT HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION (Doc. 13)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE AMENDED PETITION (Doc. 14)<br><br>ORDER PERMITTING RESPONDENT TO FILE SUPPLEMENTAL BRIEF WITHIN THIRTY DAYS |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. (Docs. 5 & 18).

    Petitioner filed the instant petition on December 10, 2008. (Doc. 1). On March 19, 2009, the Court ordered Respondent to file a response. (Doc. 6). On June 11, 2009, almost three months after Respondent had been ordered to file a response, Petitioner filed a motion to amend his petition and an amended petition. (Docs. 13 & 14). Seven days later, on June 18, 2009, Respondent filed an answer responsive to the original petition. (Doc. 15). Petitioner filed his traverse on August 11, 2009. The case is now ready for review on the merits.

**DISCUSSION**

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a).

Here, no responsive pleading had been filed at the time Petitioner sought to amend his petition. Thus, despite the fact that such a lengthy delay as Petitioner engaged in has caused a procedural problem with the case and may have resulted in additional work for both Respondent and the Court, the Court sees no alternative but to grant Petitioner's motion.

However, in so ruling, the Court notes that it has carefully reviewed both the original petition and the amended petition and has concluded that the amended petition adds no new claims, merely seeking instead to clarify the claims already set forth in the original petition. In reviewing the answer, Respondent has addressed all of Petitioner's claims in the original and amended petition on the merits. Moreover, in his Traverse, Petitioner apparently raises some of the same "clarifications" he raised in the amended petition, thereby placing at issue any potential facts or arguments Petitioner wishes to have considered in these proceedings. *Therefore, in the Court's view, Respondent need do nothing further regarding the amended petition.*

However, in perhaps an excess of caution, the Court will afford Respondent thirty days from the date of service of this order within which to file any supplemental argument Respondent wishes to make regarding the facts and allegations set forth in the amended petition.

**ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. Petitioner's motion to file an amended petition (Doc. 13), is GRANTED;
2. The Clerk of the Court is DIRECTED to file the amended petition (Doc. 14); and,
3. Respondent is GRANTED thirty days from the date of service of this order within

1  which to file any supplemental arguments or points he wishes to raise with respect to
2  the amended petition.

4  IT IS SO ORDERED.

5  Dated:  **January 20, 2010**                    /s/ **Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE